**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Foster,<br><br>                    Plaintiff,<br><br>v.<br><br>Pinnacle Health Facilities XXI LP,<br><br>                    Defendant. | No. CV-21-00859-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Defendant Pinnacle Health Facilities XXI LP's ("Pinnacle Health") motion to dismiss. (Doc. 11.) For the following reasons, the motion is granted.

### BACKGROUND

On March 17, 2021, *pro se* Plaintiff Angela Foster ("Foster") initiated this action by filing a complaint in Maricopa County Superior Court. (Doc. 1-3.) In a nutshell, the complaint alleges that Foster was a certified nurse assistant employed by Pinnacle Health (*id.* ¶ 5); that one of the residents in the facility where Foster worked had a "violent and criminal background" about which Pinnacle Health was aware (*id.* ¶ 8); that in March 2020, Foster "reported unlawful conduct by the Company when it failed to provide the resident his medication for several days and failed to protect [her] from future harm" (*id.* ¶ 9); that Pinnacle Health "ignored [her] report of unlawful conduct and did nothing to preserve her safety" (*id.* ¶ 10); that the resident subsequently "assaulted" Foster, who was pregnant at the time, by "physically kick[ing] and verbally threaten[ing]" her (*id.* ¶¶ 6-7); that Foster

reported the assault to Pinnacle Health (*id.* ¶ 7); and that about 10 days after the assault, Foster "informed [Pinnacle Health] that she could not work under the present conditions at the Company," which amounted to a "constructive discharge" (*id.* ¶¶ 11-12). Based on these allegations, Foster asserts a single claim of wrongful termination under the Arizona Employment Protection Act ("AEPA"), A.R.S. § 23-1501(3)(c)(ii). (*Id.*¶¶ 14-18.)

On May 13, 2021, Pinnacle Health timely removed the action to this Court, based on diversity jurisdiction. (Docs. 1, 8.)

On June 18, 2021, Pinnacle Health filed the pending motion to dismiss. (Doc. 11.)

On July 2, 2021, Foster filed a response. (Doc. 12.)

On July 8, 2021, Pinnacle Health filed a reply. (Doc. 13.)[1]

**DISCUSSION**

I. <u>Legal Standard</u>

"[T]o survive a motion to dismiss under Rule 12(b)(6), a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1444-45 (citation omitted). However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679-680. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 679. The court also may dismiss due to "a lack of a cognizable theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

…

---

[1] Pinnacle Health requested oral argument, but this request is denied because the issues are fully briefed and argument would not aid the decisional process.

## II. The Parties' Arguments

Pinnacle Health moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 11.) First, Pinnacle Health argues that Foster's AEPA claim is deficient because one of the elements of such a claim is that the employee made a reasonable disclosure of a violation of the constitution or laws of the state of Arizona, yet the complaint "merely recites the elements of the statute" as to the reporting element and "provides no facts as to whom, when or where she made her report, or what was reported." (*Id.* at 4-5.) Second, Pinnacle Health argues the complaint also fails to "allege sufficient facts to put [Pinnacle Health] on reasonable notice that an Arizona law was violated," because generic complaints about failing to provide medications to a resident and/or failing to provide a safe work environment "do[] not suggest that [Pinnacle Health] violated some Arizona law." (*Id.* at 5-6.) In a related vein, Pinnacle Health notes that, because an AEPA claim cannot be premised on reported violations of a statute that contains its own remedial scheme, Foster's pleading failures related to the underlying violation make it impossible to determine whether the remedial-scheme element is satisfied. (*Id.* at 6-7.) Third, Pinnacle Health argues that Foster's AEPA claim fails for yet another independent reason—because "she was not terminated." (*Id.* at 7-8.) Pinnacle Health further contends that, to the extent Foster is seeking to satisfy the termination element by raising a constructive-discharge claim, the complaint "merely regurgitates the elements [of such a claim] without providing any factual support." (*Id.* at 7-8.) For these reasons, Pinnacle Health argues that the complaint should be dismissed without leave to amend, or alternatively that Foster be required to provide a more definitive statement under Rule 12(e). (*Id.* at 1, 8-9.)

Foster filed a short response to Pinnacle Health's motion. (Doc. 12.) As for Pinnacle Health's first argument (reporting element), Foster simply cross-references the complaint and then asserts, in conclusory fashion, that "Plaintiff reported the unlawful conduct to the Company in a reasonable manner that the Company was violating the law" and "[t]he disclosure was made to a representative of the Company with authority to take investigate and take action to prevent further violations of the law." (*Id.* at 1.) As for

Pinnacle Health's second argument (identification of state-law violation), Foster does not attempt to identify any state law that Pinnacle Health violated (or that she reasonably believed Pinnacle Health violated)—instead, she argues that "magic words" are not required at the pleading stage. (*Id.* at 1-2.) As for Pinnacle Health's third argument (constructive discharge), Foster does not meaningfully respond, beyond repeating in conclusory fashion that she "was constructively discharged." (*Id.* at 2.) Foster concludes by arguing that she should "be allowed to file an Amended Complaint" in the event of dismissal, albeit without identifying any additional facts she would allege if granted such leave. (*Id.*)

In reply, Pinnacle Health begins by accusing an attorney who has not appeared in this action of "ghost writing" Foster's response. (Doc. 13 at 1-2.) On the merits, Pinnacle Health argues that the response repeats the errors that pervade the complaint, by confusing the identification of the *elements* of a claim with the assertion of *facts* that would plausibly establish the satisfaction of those elements. (*Id.* at 2-6.)

III.   Analysis

The dismissal analysis here is neither close nor difficult. Pinnacle Health is entitled to dismissal for all of the reasons identified in its motion.

To prevail on an AEPA claim, a plaintiff "must establish: (1) she had information or a reasonable belief that her employer or another employee had violated an Arizona statute or constitutional provision; (2) she disclosed the information or belief to an employer or a representative of the employer whom she reasonably believed was in a managerial or supervisory position and had the authority to investigate the information and take action to prevent further violations of the Arizona constitution or statutes; and (3) she was terminated because of the first two step." *Denogean v. San Tan Behavioral Health Servs., LLC*, 2017 WL 4922035, *3 (D. Ariz. 2017). Here, as for the first element, the only factual allegations in the complaint are that Foster "reported unlawful conduct" concerning Pinnacle Health's "fail[ure] to provide the resident his medication" and "fail[ure] to protect [Foster] from future harm" and that Foster reasonably believed "it was unlawful for

[Pinnacle Health] not to properly medicate its patients or provide a safe work environment for its employees." (Doc. 1-3 ¶ 9.) These allegations are deficient for a pair of interrelated reasons. First, they are deficient because they are vague as to the precise nature of the reported misconduct. Was it a one-time failure to provide medication to the resident or a repeated pattern of missed medications? Why, exactly, was the working environment unsafe? These missing details, in turn, implicate the second deficiency—Foster's failure to identify, in either her complaint or response brief, the Arizona statute that she reasonably believed Pinnacle Health had violated. Many courts have concluded that a plaintiff asserting an AEPA claim must provide such an identification,[2] even if it might be possible for an AEPA plaintiff to avoid specifying the underlying statutory or constitutional violation in a case where the factual allegations in the complaint are sufficiently detailed to establish that a triggering violation occurred,[3] such details are lacking here.

The allegations as to the second element are deficient, too. As Pinnacle Health correctly notes in its motion, the complaint parrots the elements of the reporting requirement (Doc. 1-3 ¶¶ 9, 15-16) but is devoid of facts bearing on that requirement, such as when the report occurred and to whom it was made. Without those facts, it is impossible to discern whether Foster reasonably believed that the recipient of her complaint was in a managerial or supervisory position and had the authority to investigate the information and

---

[2] *See, e.g., Murar v. AutoNation Inc.*, 2021 WL 3912849, *5 n.3 ("An employee bringing a claim under the whistleblower provision of the AEPA must identify the Arizona statutes that the employer violated in the complaint."); *Painter v. Katerra Inc.*, 2021 WL 2589736, *4 (D. Ariz. 2021) ("Plaintiff's bare legal conclusion that Defendant was going to violate some unreferenced statute or constitutional provision by sealing in the mold is insufficient to survive dismissal. Indeed, it would be impossible for even an inference to be made that Plaintiff's belief was 'reasonable' unless the particular statute or constitutional provision is identified by Plaintiff in his pleading."); *Rowberry v. Wells Fargo Bank NA*, 2015 WL 7273136, *4 (D. Ariz. 2015) (granting summary judgment where the "complaint does not identify an Arizona statute prohibiting such conduct" because "Rowberry bears the burden of establishing the elements of her claim; it is not the duty of this Court to review the entirety of the Arizona Revised Statutes in search of a provision that applies"); *Drottz v. Park Electrochemical Corp.*, 2013 WL 6157858, *16 (D. Ariz. 2013) ("By the plain terms of the AEPA, a plaintiff must point to a predicate Arizona constitutional provision or statute.").

[3] *See, e.g., Craft v. Banner Health*, 2017 WL 11496865, *4 (D. Ariz. 2017) (noting that "Plaintiff has yet to identify which, if any, Arizona statute or constitutional provision Defendant violated" but stating that "Plaintiff is correct that at a preliminary stage a specific provision need not be identified").

take action to prevent further violations.

Finally, the allegations as to the third element are deficient for similar reasons. Although the complaint includes the phrase "constructively discharged" (Doc. 1-3 ¶ 11), it makes little effort to assert facts that might support a constructive-discharge claim.

The only remaining question is whether the dismissal should be with or without leave to amend. Although Pinnacle Health seeks the latter form of dismissal, and although the Court harbors some doubt as to whether Foster will be able to allege additional facts to cure the many deficiencies identified in this order, it must be noted that Foster is a *pro se* litigant who has not been previously granted leave to amend. Additionally, at the time Foster filed her complaint, she presumably believed she would be litigating in state court (and would therefore be subject to state-court pleading standards). Under these circumstances, the dismissal should be with leave to amend. *See, e.g., Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citation omitted); *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017) ("If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action.").

Accordingly, **IT IS ORDERED** that:

(1) Pinnacle Health's motion to dismiss (Doc. 11) is **granted**.

(2) Foster may file a first amended complaint ("FAC") within 14 days of the issuance of this order. If Foster files a FAC, the changes shall be limited to attempting to cure the deficiencies raised in this order, and Foster shall, consistent with LRCiv 15.1(a), attach a redlined version of the pleading as an exhibit.

…

…

…

…

1  (3) If Foster does not file a FAC within 14 days of the issuance of this order, the
2  Clerk of Court shall enter judgment accordingly and terminate this action.
3  Dated this 18th day of October, 2021.

Dominic W. Lanza
United States District Judge